UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WILLIS ANNIS,

    Plaintiff

v.

LAKES CROSSING, et. al.,

    Defendants

Case No.: 3:21-cv-00490-MMD-WGC

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

Re: ECF Nos. 1, 1-1, 6

    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Plaintiff has filed a motion to proceed *in forma pauperis* (IFP) (ECF No. 1) and a motion to file an injunction (ECF No. 1-1). Plaintiff subsequently filed a motion to include additional information in his motion to file injunction. (ECF No. 6.)

    A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

    The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An incarcerated or institutionalized person submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If an inmate brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

An inmate who is seeking to proceed IFP in connection with a habeas petition must also file an application to proceed IFP for an inmate. For a habeas action, the filing fee is $5. If IFP status is granted, the inmate is not required to pay any portion of the fee. If IFP status is not granted, the inmate must pay the $5 fee.

Plaintiff did not submit his IFP application on the court's approved form. Therefore, his motion should be denied without prejudice.

Second, Plaintiff's motion for injunction states that he has been confined to Lakes Crossing.[1] If this is the case, then Plaintiff's remedy is not a civil rights action, but after exhausting all state remedies, to file a habeas petition.[2] Therefore, Plaintiff's request for an injunction and his motion to add information to that motion should be denied.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order as follows:

(1) **DENYING** Plaintiff's motion to proceed IFP **WITHOUT PREJUDICE**;

(2) **DENYING** Plaintiff's motion for an injunction (ECF No. 1-1) and his motion to add information to that motion (ECF No. 6.) and **ADMINISTRATIVELY CLOSE** this action;

(3) Directing the Clerk to **SEND** Plaintiff the application to proceed IFP for an inmate and the 2254 habeas petition packet and the 2231 petition for writ of habeas corpus.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

---

[1] Lakes Crossing is a maximum-security psychiatric facility, including court ordered evaluate and/or treatment for restoration to legal competency. *See* *https://dpbh.nv.gov/About/Overview/Lake_s_Crossing_Center_Overview/,* last visited Jan. 5, 2022.

[2] It is unclear whether this was done as a pretrial detainee or if Plaintiff has been convicted, which would determine whether he seeks relief under section 2254 or section 2241.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 5, 2022

*William G. Cobb* (signature)
William G. Cobb
United States Magistrate Judge