1
2
3                          UNITED STATES DISTRICT COURT
4                               DISTRICT OF NEVADA
5                                      * * *
6    WILLIS BOYD ANNIS,                        Case No. 3:21-cv-00490-MMD-CSD
7                            Plaintiff,                        ORDER
8           v.
9    LAKES CROSSING HOSP. SPARKS NV,
     *et al.*,
10
                             Defendants.
11

12   **I.    SUMMARY**

13          *Pro se* Plaintiff Willis Boyd Annis has attempted to initiate a legal action to secure

14   his immediate release from Lakes Crossing, a maximum-security psychiatric facility. (ECF

15   No. 7 at 3 n.1; *see also generally id.*) Before the Court is the Report and Recommendation

16   ("R&R") of just retired[1] United States Magistrate Judge William G. Cobb (*id.*),

17   recommending that the Court deny Annis' application to proceed *in forma pauperis* ("IFP

18   Application") because he did not use the Court's approved form, dismiss this case without

19   prejudice, and direct the Clerk of Court to send Annis copies of the Court's IFP Application

20   forms, along with forms for filing a petition for writ of habeas corpus. Annis filed a document

21   titled "Trying to Bundle Illegal Operation of Magistrate, Response" within the objection

22   period to the R&R that the Court will construe as an objection to the R&R. (ECF No. 8

23   ("Objection").) Annis also filed two notices, one an apparent attempt to cure his IFP

24   Application (ECF No. 9), and the other an apparent attempt to provide more explanation

25   about why Annis believes he should be released from Lakes Crossing (ECF No. 11).

26   Because the Court agrees with Judge Cobb's proposed course of action in the R&R, and

27

28          ────────────────────
            [1]United States Magistrate Judge Craig Stephen Denny now presides over this case
     following Judge Cobb's retirement. (ECF No. 10.)

1  as further explained below, the Court will dismiss this action without prejudice and direct
2  the Clerk of Court to send Annis the forms he must submit to properly initiate a case.

3  **II.    BACKGROUND**

4      Annis initiated this case by filing a handwritten document asking the Court to allow
5  him to submit his "petition for injunctive relief" *in forma pauperis*. (ECF No. 1 at 1.) That
6  document was accompanied by another handwritten document titled 'motion to file
7  injunction.' (ECF No. 1-1 at 1.) In that document, Annis states that he seeks release from
8  his involuntary commitment at Lakes Crossing, where he is apparently undergoing a
9  competency evaluation. (*See generally id.*) Annis did not pay the filing fee to initiate a
10 case.

11     Annis next requested a copy of the Local Rules (ECF No. 3), and Judge Cobb
12 directed the Clerk of Court to send him a one-time courtesy copy (ECF No. 5). Annis then
13 filed a 'motion to include information' (ECF No. 6) in which he contests the authority of a
14 state court judge to send him to Lakes Crossing for a competency evaluation, complains
15 about the performance of his lawyer in the state court proceedings, and mentions a case
16 where he says he won summary judgment from the Second Circuit Court of Appeals, along
17 with listing several cases he has attempted to initiate in this District. He concludes this
18 motion, "Grant Me Liberty Or Grant Me Deth [sic]." (*Id.* at 4.)

19     In his R&R, Judge Cobb first recommends the Court deny Annis' IFP application
20 without prejudice because he did not submit it on the Court's approved form. (ECF No. 7
21 at 3.) Judge Cobb next recommends that the Court deny Annis' 'motion to include
22 information' and his request for injunction because Annis must file a petition for writ of
23 habeas corpus after exhausting all state remedies, as his desired remedy appears to be
24 release from Lakes Crossing—and Annis has not done so, much less on the Court's
25 approved form. (*Id.*) Judge Cobb finally recommends that the Court close this action but
26 direct the Clerk of Court to send Annis a packet containing the Court's forms for an IFP
27 Application and a habeas corpus petition. (*Id.*)

28     In his Objection, Annis explains that he did not consent to the jurisdiction of a

1   Magistrate Judge. (ECF No. 8 at 1.) Indeed, Annis states that he previously submitted a

2   document in this case stating he did not consent to the jurisdiction of a Magistrate Judge.

3   (*Id.*) Annis goes on to ask why, as pertinent to this case, Judge Cobb was presiding over

4   it. (*Id.* at 3-4.) Annis asks for the Court to: (1) clarify in writing why Judge Cobb issued the

5   R&R; (2) for the Court to resolve the IFP Application issue; (3) for $10,000 apparently

6   because Judge Cobb issued the R&R; (4) for criminal charges in two state court actions

7   against him to be vacated, and to be immediately released from Lakes Crossing; and (5)

8   to 'send all forms ordered that were returned for lack of Nevada case numbers.' (*Id.* at 6-

9   7).

10      Annis next filed a notice titled 'curing IFP Application' that did not include—or

11   consist of—a completed copy of the Court's IFP Application form. (ECF No. 9.) It consists

12   of several handwritten pages and a copy of a document indicating Annis' present cash

13   account balance with the Douglas County Sheriff's Office is -$7.84. (*Id.*)

14      Annis then filed a notice titled 'Amending Information,' which states that a pro tem

15   judge named Gibbons sent him to Lakes Crossing to restore his mental competence. (ECF

16   No. 11 at 1.) Because he never filed a consent to proceed before this judge, Annis argues,

17   he is being held illegally and reiterates his demand to be released from Lakes Crossing.

18   (*Id.* at 1-3.) Annis also argues that his state-appointed counsel is ineffective and should

19   be removed as his counsel in Annis' state-court proceedings because Annis is trying to

20   sue him in this, and several other, federal actions he has attempted to initiate. (*Id.* at 3-4.)

21   **III.   LEGAL STANDARD**

22      This Court "may accept, reject, or modify, in whole or in part, the findings or

23   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

24   timely objects to a magistrate judge's report and recommendation, then the Court is

25   required to "make a de novo determination of those portions of the [report and

26   recommendation] to which objection is made." *Id.* The Court's review is thus de novo

27   because Plaintiff filed his Objection. (ECF No. 8.)

28   ///

**IV.   DISCUSSION**

From reviewing Annis' filings in this case, and as summarized above in Section II, Annis seeks release from Lakes Crossing, but has not filed an IFP Application on the Court's form, paid the filing fee to initiate a case, or filed a Complaint or Petition to initiate this case, whether or not on the Court's form. For these reasons, the Court agrees with Judge Cobb that the best course of action here is to dismiss this action without prejudice and direct the Clerk of Court to send Annis copies of the forms he would need to complete to file a petition for writ of habeas corpus without paying the filing fee.

As to Annis' failure to use the Court's form to complete his IFP application, LSR 1-1 provides:

> Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed in forma pauperis. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities.

*Id.* Thus, Annis must use the Court's form. He has not, nor has he paid the filing fee. Annis has accordingly not properly initiated this action.

As to Annis' concern regarding Judge Cobb issuing the R&R despite the fact that Annis did not consent to the jurisdiction of a Magistrate Judge, Judge Cobb was authorized to prepare the R&R under LR IB 1-4(j). *See* 28 U.S.C. 636(b)(1)(B). Annis appears to conflate whether he may consent to the jurisdiction of a Magistrate Judge for all purposes with whether he must consent before a Magistrate Judge may do anything in a case. If Annis would like, he may consent to the jurisdiction of a magistrate judge for all purposes. *See* LR IB 2-1, 2-2. However, Annis has no right to object Judge Cobb participating in this case by issuing the R&R. *See* LR IB 1-4(j). Instead, he has a right to object to Judge Cobb's R&R, *see* LR IB 3-2, as Judge Cobb explained at the conclusion of the R&R (ECF No. 7 at 3-4). Annis exercised that right by filing his Objection. (ECF No. 8.) However, because there was nothing improper about Judge Cobb issuing the R&R, Annis' Objection is overruled. The Court will accept and adopt the R&R in full.

///

4

1

**V.      CONCLUSION**

2          The Court notes that the parties made several arguments and cited to several cases

3    not discussed above. The Court has reviewed these arguments and cases and determines

4    that they do not warrant discussion as they do not affect the outcome of the issues before

5    the Court.

6          It is therefore ordered that the Report and Recommendation of retired United States

7    Magistrate Judge William G. Cobb (ECF No. 7) is accepted and adopted in full.

8          It is further ordered that Annis' IFP Application (ECF No. 1) is denied without

9    prejudice.

10          It is further ordered that Plaintiff's motion to file injunction (ECF No. 1-1) is denied.

11          It is further ordered that Plaintiff's motion to include information (ECF No. 6) is

12    denied.

13          It is further ordered that this action is dismissed, in its entirety, without prejudice.

14          The Clerk of Court is directed to send Annis the Court's forms for: (1) an application

15    to proceed IFP for an inmate; (2) the 2254 habeas petition packet; and (3) the 2241 habeas

16    petition packet.

17          The Clerk of Court is further directed to enter judgment accordingly and close this

18    case.

19          DATED THIS 26th Day of January 2022.

20

21          _____

22          MIRANDA M. DU
            CHIEF UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

5